## Case No. 5,833.

### GRISWOLD v. CONNOLLY.

[1 Woods, 193.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1871.

WRIT—VALIDITY—SIGNATURE TO.

1. When a writ of venditioni exponas, issued from the circuit court, ran in the name of the president of the United States, bore teste of the chief justice of the United States, was under the seal of the court, but was not signed by the clerk, but by the deputy clerk in his own name, neither the writ nor the proceedings under it are void.

2. The defect in the writ could only be taken advantage of in a direct, and not in a collateral proceeding.

3. The fact that a good defense existed against a decree of condemnation, but which was not pleaded before decree, will not avoid the decree.

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

Action at law. The parties waived a jury and submitted the cause to the court, both on the facts and law.

Allen C. Story and Wm. Grant, for plaintiff.

L. Madison Day, H. J. Leovy, and E. T. Merrick, for defendant.

WOODS, Circuit Judge. The plaintiff brings his action to establish his title to, and to recover possession of certain real estate in the city of New Orleans. It is shown that the plaintiff was in possession of the premises, claiming title prior to and up to May 6, 1862. It is conceded that he ought to recover, unless the evidence adduced by defendants shows that his title has been divested. To establish this, the defendant introduces a record of this court in the case of U. S. v. Confederate Rifle Factory [unreported], by which it appears that the property in question was condemned by the court on the 20th of May, 1864, as forfeited to the United States, and ordered to be sold by the marshal, which was done, and the property adjudicated to Ellen Christy. The deed of the marshal to her is in evidence, and deeds from Ellen Christy to John Hughes & Co., and from John Hughes & Co. to defendant Connolly. If the proceedings in the United States court, in the case just mentioned, were operative to divest plaintiff's title, it is admitted that defendant's title is good, and the finding and judgment of the court should be for him. The only objections to the record in that case which were not passed upon in the case of Bragg v. Lorio [Case No. 1,800], decided in this court during the present term, are: That the venditioni exponas, which constituted the marshal's authority for the sale, was signed by F. B. Vinot, deputy clerk, in his own name as such deputy, and not by the clerk. No other defect is alleged to exist in the writ. It ran in the name of the president of the United States; it bore teste of the chief justice of the United States, and was under the seal of the court. It emanated from the court and was returned to the court, and the proceeds of the sale made under it were distributed by the court. In my opinion, the signing of the vendi by the deputy clerk in his own name, and the want of the signature of the clerk himself was an irregularity only, and did not avoid the writ and proceedings under it. It was such an irregularity as could be taken advantage of only in a direct and not in a collateral proceeding. This objection to the record must therefore be overruled.

It is next objected to the record that the plaintiff Griswold, the owner of the property condemned under the name of the Confederate Rifle Factory, took the oath of amnesty on the 15th of March, 1864, which was before the decree of condemnation, and as it is conceded he was not within any of the exceptions in the proclamation of amnesty of

the president, dated the 8th of December, 1863, therefore his property was relieved from confiscation. Unquestionably this would have been a good defense, if pleaded, to the decree of condemnation. Armstrong's Foundry, 6 Wall. [73 U. S.] 766; St. Louis Street Foundry, Id. 769. But the record shows that this defense was not made. The court had jurisdiction of the subject matter, the oath of amnesty was taken by Griswold after the commencement of the proceeding, and the fact that a good defense existed which was not brought to the notice of the court, did not oust the court of jurisdiction or avoid its proceedings. This objection must also be overruled.

As the only objections urged against the proceedings in the circuit court for the confiscation of the property in question are ineffectual to render the proceedings void, we must hold that plaintiff's title has been divested; that title is now in defendant as shown by the proof. The finding and judgment of the court must be for defendant.